[694 NYS2d 746]

In the Matter of EUGENE PATRICK DEVANY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 13, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Chris G. McDonough* of counsel), for petitioner.

*Agoglia, Fassberg, Holland & Crowe, P. C.,* Mineola (*Ernest J. Agoglia* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct against him. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent asks the Court to limit any sanction to a private censure.

Charge One alleged that the respondent was convicted of a crime, to wit, a class A misdemeanor. On January 27, 1998, the respondent was convicted in the District Court, Nassau County, of resisting arrest, and on June 1, 1998, he was sentenced in that court to three years probation. By engaging in the aforesaid conduct, the respondent engaged in professional misconduct within the meaning of 22 NYCRR 691.2 and Judiciary Law § 90 (2).

Charge Two repeated and realleged the allegations of Charge One. By engaging in such misconduct, the respondent violated Code of Professional Responsibility DR 1-102 (A) (7) (former [8]) (22 NYCRR 1200.3 [a] [7]).

Charge Three alleged that the respondent was convicted of a violation. On January 27, 1998, he was convicted in the District Court, Nassau County, after trial, of disorderly conduct (*see,* Penal Law § 240.20 [1]). On June 1, 1998, as a result of that conviction, he was fined $250. By engaging in disorderly conduct, the respondent violated Code of Professional Responsibility DR 1-102 (A) (7) (former [8]) (22 NYCRR 1200.3 [a] [7]).

As the respondent contested none of the charges in the petition, they were properly sustained by the Special Referee, and the motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, the respondent asks that the Court consider his previously-unblemished record, his expressed remorse, the absence of harm to any clients, his complete cooperation with the Grievance Committee, the extensive time he has devoted to *pro bono* matters, the suffering and humiliation already occasioned to his family, and the fact that his misconduct was unrelated to the practice of law. While maintaining his in-

nocence of criminal wrongdoing, the respondent claims to have implemented measures which will make it "almost impossible" for a similar situation to recur.

Under all of the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Eugene Patrick Devany, is censured for his professional misconduct. [*See,* 270 AD2d —, Mar. 20, 2000.]